NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5047

KEITH RUSSELL JUDD,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: June 28, 2006

_____

Before NEWMAN, LINN, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge LINN. Circuit Judge NEWMAN dissents.

LINN, Circuit Judge.

Keith Russell Judd appeals a final decision of the United States Court of Federal Claims, Judd v. United States, No. 05-CV-726 (Fed. Cl. Dec. 8, 2005) (Order), dismissing Judd's claim to enforce a Pretrial Diversion Agreement for lack of subject matter jurisdiction. Because the Pretrial Diversion Agreement is not a contract within the scope of the Tucker Act, we affirm the Court of Federal Claims' dismissal for lack of subject matter jurisdiction.

BACKGROUND

Judd entered into a Pretrial Diversion Agreement ("the Diversion Agreement") with the United States government through the office of the United States Attorney for

the Western District of Texas in April 1996. The Diversion Agreement provided that Judd would not be prosecuted for an identified crime if he fulfilled certain conditions. Judd's complaint before the Court of Federal Claims requested enforcement of the Diversion Agreement, alleging that it was a contract that the government had breached. In response to a motion to dismiss, Judd added a claim for money damages for the alleged breach based on funds that were seized as a result of his conviction. The Court of Federal Claims concluded that the Diversion Agreement was not a "contract " within the scope of the Tucker Act, 28 U.S.C. § 1491(a)(1), and dismissed the claim for lack of subject matter jurisdiction. Order, slip op. at 4. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Court of Federal Claims' dismissal of a case for lack of subject matter jurisdiction is a legal determination that we review de novo. Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir. 2002). The issue on appeal is whether the Diversion Agreement is a contract according to the Tucker Act. We conclude that it is not.

The Tucker Act, in relevant part, grants the Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1) (2000). However, the Tucker Act does not cover every agreement with the federal government.

> The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of the minds. The Congress undoubtedly had in mind as the principal class of contract cases in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as

private parties, individuals or corporations also engage in among themselves.

*Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981). In *Kania*, the Court of Claims acknowledged that a plea agreement, immunity agreement, or witness protection agreement might create Tucker Act jurisdiction, "[b]ut, in such case, the court would look for specific authority in the [Assistant United States Attorney] to make an agreement obligating the United States to pay money, and spelling out how in such a case the liability of the United States is to be determined." *Id.* In *Sanders v. United States*, we interpreted that statement to mean that, for parties in a criminal case, "a claim for money damages for the alleged breach of such an agreement may not be maintained unless that agreement clearly and unmistakably subjects the government to monetary liability for any breach." 252 F.3d 1329, 1334-35 (Fed. Cir. 2001) (emphasis added).

Like the immunity agreement in *Kania* or the stipulated bail agreement in *Sanders*, the Diversion Agreement in this case is entirely concerned with the conduct of parties to a criminal case and contains no express terms providing for money damages. The money damages Judd does allege were not specifically provided for in the Diversion Agreement. The Diversion Agreement therefore is not a contract within the scope of the Tucker Act, and the Court of Federal Claims lacks subject matter jurisdiction. The Court of Federal Claims' decision dismissing this case is affirmed.

NEWMAN, Circuit Judge, dissents.

06-5047                                          3